IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Pressure Vessel Service, Inc., a Michigan corporation, | Case No. 23-10968 |
| Plaintiff, | Hon. |
| v. | |
| Sergey Mojeluk, an individual, d/b/a PVS Express, | **Jury Trial Demanded** |
| Defendant. | |

## COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, MICHIGAN TRADEMARK INFRINGEMENT, MICHIGAN UNFAIR BUSINESS PRACTICES, AND UNJUST ENRICHMENT

Plaintiff Pressure Vessel Service, Inc. a Michigan corporation, ("PVS, Inc."), by and through its undersigned counsel, and for its Complaint against Defendant Mr. Sergey Mojeluk, doing business as "PVS Express" ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff PVS, Inc. provides distribution services in and throughout Michigan and the United States in conjunction with its Registered Trademark **PVS**, namely, delivering chemicals used in industry; loading and unloading of cargo and chemicals used in industry; and transportation services for chemicals used in

18127\444392\271409397

industry. PVS, Inc. recently discovered Defendant provides competing transportation services under the name **PVS Express**.

2.  Defendant's providing transportation services under **PVS Express** constitutes unlawful and unauthorized use of PVS, Inc.'s trademarks, forming the basis of Defendant's trademark infringement and unfair trade practices against PVS, Inc. Such infringement and unfair trade practices have resulted in commercial and reputational harm to PVS, Inc. via Defendant's passing off and trading upon PVS, Inc.'s reputation and goodwill.

3.  As detailed herein, Defendant has: (1) committed trademark infringement by unlawfully using trademarks of PVS, Inc. in conjunction with Defendant's unaffiliated, but very similar, services in commerce likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with PVS, Inc., or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by PVS, Inc. or another, in violation of 15 U.S.C. §§ 1114 and 1125; (2) committed state trademark infringement in violation of the Michigan Trademarks and Service Marks Act, Mich. Comp. Stat. § 429.31 *et seq.*; (3) committed violations of the Michigan Consumer Protection Act, Mich. Comp. Stat. § 445.901 *et seq.*; (4) committed unfair competition and trademark infringement in violation of Michigan common law; and (5) been unjustly enriched under Michigan law.

18127\444392\271409397

## PARTIES

4. Plaintiff PVS, Inc. is a Michigan corporation, with its headquarters at 10900 Harper Avenue, Detroit, Michigan 48213. PVS, Inc. registered as a Michigan corporation in 1945, and has been serving industries throughout Michigan since.

5. PVS, Inc. provides sustainable chemical solutions and chemical transportation services nationally and internationally to a diverse customer base. PVS, Inc. coordinates deliveries of chemicals using its company fleet, and hiring experienced third-party chemical transportation trucking companies, to facilitate delivery of the materials and ingredients needed for their customers' respective industries.

6. PVS, Inc. is the exclusive owner of all rights, title, and interest in and to the following Registered Trademarks, including all common law rights and goodwill associated therewith (collectively, the "PVS, Inc. Marks" or "Marks"):

| Mark | First use | Registration No. & Date | Goods/Services |
|---|---|---|---|
| PVS | October 29, 1981 | MI 801935720 (March 12, 1991) | Chemicals and chemical compositions |
| PVS | December 31, 1980 | U.S. 6,353,111 (May 18, 2021) | distribution services, namely, delivery of chemicals used in industry; loading and unloading of cargo, namely, chemicals used in industry; transportation services, namely, transportation of chemicals used in industry |
| PVS chemistry for daily life | September 30, 2019 | U.S. 6,181,214 (October 20, 2020) | distribution services, namely, delivery of chemicals used in industry; loading and unloading of cargo, namely, chemicals used in industry; transportation services, namely, transportation of chemicals used in industry |

*See* **Exhibits** A, B, C (trademark registration certificates).

7.    Defendant Sergey Mojeluk, d/b/a PVS Express, is and operates as a licensed trucking company providing transportation services under "**PVS Express**" with an address at 11681 Carpenter Rd., Milan, Michigan, 48 miles from PVS, Inc.'s headquarters in Detroit, Michigan.

8.    On information and belief, Defendant provides transportation trucking services in conjunction with the name "**PVS Express**" throughout Michigan and the

18127\444392\271409397

United States in competition to PVS, Inc. Defendant operates with a USDOT number of 1424549 and Federal Motor Carrier Safety Administration number of MC 538721.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, in that this case arises under the U.S. Trademark Act, 15 U.S.C. §§ 1051 *et seq.* This Court also has jurisdiction over the related state law claims in this action pursuant to 28 U.S.C. § 1367 because all such claims that are so related to the claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

10. This Court has personal jurisdiction over Defendant because Defendant resides, and has committed alleged acts of trademark infringement, in this Judicial District including specifically in Milan, Michigan.

11. Venue is appropriate in this Court under 28 U.S.C. § 1391 because: (1) Defendant resides in this District, (2) a substantial part of the events giving rise to PVS, Inc.'s claims occurred in this District, and (3) because Defendant is subject to personal jurisdiction in this District.

18127\444392\271409397

## FACTUAL BACKGROUND

12. Plaintiff PVS, Inc. was incorporated in Michigan in 1945. PVS, Inc. began using its registered **PVS** trademark in conjunction with the transportation and distribution of chemicals in 1980. PVS, Inc. registered its **PVS** trademark in Michigan in 1991, with Trademark Registration No. MI 801935720. **Exhibit A**. PVS, Inc. registered its **PVS** trademark in May 2021 at the U.S. Patent and Trademark Office, with Registration no. 6,353,111. **Exhibit B**.

13. PVS, Inc. registered with the State of Michigan the following trade names under which PVS, Inc. conducts business in and throughout Michigan and the United States:

| Assumed Name | Date of adoption |
|---|---|
| **PVS** | February 13, 1987 |
| **PVS Chemicals, Inc.** | October 29, 1981 |
| **PVS Industries** | June 24, 1991 |

*See* **Exhibit D** (Michigan Dept. of Licensing and Regulatory Affairs listing).

14. PVS, Inc.'s corporate headquarters are in Detroit, Michigan. PVS Inc. has three distribution centers, a terminal, and a manufacturing plant in Detroit, Michigan. In total, PVS Inc. employs 280 people in Detroit.

15. PVS, Inc. cumulatively employs approximately 1,400 people in its distribution centers, terminals, manufacturing plants, and offices across its thirty-

eight locations, including but not limited to Detroit; Augusta, Georgia; Baltimore, Maryland; Bangkok, Thailand; Buffalo, New York; Burns Harbor, Indiana; Chattanooga, Tennessee; Chicago, Illinois; Copley, Ohio; Dakota City, Iowa; East St. Louis, Illinois; Elizabeth, New Jersey; Fort Worth, Texas; Gent, Belgium; Grandview, Indiana; and Henderson, Colorado.

16.   PVS, Inc. has achieved significant success in the chemical manufacturing and transportation business in and around Detroit and throughout the United States and other countries, and has established a substantial customer awareness of, and meaning, regarding its PVS, Inc. Marks for its chemical distribution services.

17.   Defendant is a transportation company which, on information and belief, provides transportation services, including hauling chemicals, in Michigan and throughout the United States in conjunction with the mark **PVS Express**.

18.   A photograph, taken on or about March 9, 2022, of a door of one of Defendant's trucks operating as PVS Express, is shown here:

18127\444392\271409397



19. PVS, Inc. has established valuable and enforceable rights in the PVS, Inc. Marks through extensive and continuous use of the Marks in conjunction with its services throughout the United States.

20. The PVS, Inc. Marks symbolize PVS, Inc.'s goodwill and are intangible assets of substantial commercial value to PVS, Inc., as they have an inherently strong and significant recognition in PVS, Inc.'s well-established services in commerce throughout the United States since at least 1980.

18127\444392\271409397

21. PVS, Inc. has spent, and continues to spend, considerable sums establishing and promoting to consumers and the public at-large the PVS, Inc. Marks with each PVS, Inc. Mark identifying PVS, Inc. as a source of high value goods and extensive and reliable services, including, but not limited to, the transportation and distribution of chemicals.

22. In addition to PVS Inc.'s intellectual property rights in the PVS, Inc. Marks under the Trademark Act, PVS, Inc. has acquired similarly strong common law rights in Michigan and elsewhere by its use of the PVS, Inc. Marks in commerce, including use in this District, this State, and throughout the United States.

23. PVS, Inc. is the senior user with priority rights in the PVS, Inc. Marks, with such rights having been and remaining superior to any rights Defendant may claim, especially in recognition of PVS, Inc.'s consistent use of the Marks since at least 1980.

### DEFENDANT'S USE OF THE PVS, INC. MARKS

24. Defendant has never been affiliated with, connected with, associated with, or endorsed by PVS, Inc.

25. On May 9, 2022, PVS, Inc. notified Defendant that its use of the mark **PVS Express** in conjunction with transportation services violated PVS, Inc.'s rights in the PVS, Inc. Marks, and requested Defendant cease use of the **PVS Express**

18127\444392\271409397

mark. *See* **Exhibit E** hereto (May 9, 2022 Letter to Defendant with signed verification of receipt ("May 9, 2022 Letter")).

26. On June 28, 2022, further showing good faith prior to filing this complaint, PVS, Inc. telephoned Defendant to discuss the May 9, 2022 Letter. When Defendant did not answer PVS, Inc.'s call, PVS, Inc. left a voicemail (cumulatively referred to herein as the "June 28, 2022 Call").

27. Defendant never responded to PVS Inc.'s May 9, 2022 Letter or June 28, 2022 Call, both of which detailed how Defendant's use of the **PVS Express** mark harmed, continues to harm, and constituted, and continues to constitute, illegal activities against PVS, Inc. in contravention of PVS, Inc.'s rights in the PVS, Inc. Marks.

28. Defendant has ignored PVS, Inc.'s requests to cease using, and cease engaging in its infringing activities against, the PVS, Inc. Marks, since, at least, the May 9, 2022 Letter, therefore demonstrating Defendant's continued engagement in illegal, harmful, and infringing activities against PVS, Inc., as alleged herein, to be knowing, intentional, willful and deliberate.

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

29. PVS, Inc. realleges the foregoing paragraphs as if fully set forth herein.

30. PVS, Inc. owns valid and enforceable rights in the PVS, Inc. Marks.

31. Defendant has, without consent of PVS, Inc., used and is using the PVS, Inc. Marks in commerce in connection with the sale, offering for sale, distribution, and advertising of goods and/or services on or in connection with such use likely to cause confusion, or to cause mistake, or to deceive violating 15 U.S.C. § 1114.

32. Defendant has, without consent of PVS, Inc., reproduced, counterfeited, copied, or colorably imitated PVS, Inc.'s Marks and applied such reproduction(s), counterfeit(s), copy(ies), or colorable imitation(s) to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

33. Given the ongoing and improper use by Defendant, and Defendant's knowledge, of PVS, Inc.'s rights in the Marks, Defendant's unlawful conduct is and has been willful.

34. As a direct and proximate result of Defendant's conduct, PVS, Inc. has suffered significant economic harm in the form of harm to the value and goodwill associated with the PVS, Inc. Marks, further harming PVS, Inc.'s goodwill and reputation in its industry.

35. PVS, Inc. has no adequate remedy at law for Defendant's wrongful actions.

36. Given Defendant's willful, intentional, and knowing conduct, including but not limited to its failure to respond to or take corrective action after being notified by PVS, Inc. of PVS, Inc.'s concern in Defendant's use of **PVS Express**, the acts complained of herein demonstrate Defendant's actions have been committed with knowledge and are intended to cause confusion, or to cause mistake, or to deceive.

37. Given Defendant's conduct is willful, intentional, and knowing, this constitutes an exceptional case under 15 U.S.C. § 1117(a).

### COUNT II – FEDERAL UNFAIR COMPETITION VIOLATIONS
### (15 U.S.C. § 1125(a))

38. PVS, Inc. realleges the foregoing paragraphs as if fully set forth herein.

39. PVS, Inc. owns valid and enforceable rights in the PVS, Inc. Marks.

40. Defendant has, without consent of PVS, Inc., used and is using the PVS, Inc. Marks and other words, terms, names, symbols, and devices, false designation of origin, false or misleading descriptions of fact, and false or misleading representations of fact, in conjunction with the sale, offering for sale, distribution or advertising of goods and services, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with PVS, Inc., or as to the origin, sponsorship, or approval of Defendant's services, or commercial activities by PVS, Inc., violating 15 U.S.C. § 1125(a).

18127\444392\271409397

41. Given the ongoing and improper use by Defendant, and Defendant's knowledge, of PVS, Inc.'s rights in the Marks, Defendant's unlawful conduct is and has been willful.

42. As a direct and proximate result of Defendant's conduct, PVS, Inc. has suffered significant economic harm in the form of harm to the value and goodwill associated with the PVS, Inc. Marks, further harming PVS, Inc.'s goodwill and reputation in its industry.

43. PVS, Inc. has no adequate remedy at law for Defendant's wrongful actions.

44. Given Defendant's willful, intentional, and knowing conduct, including but not limited to its failure to respond to or take corrective action after being notified by PVS, Inc. of PVS, Inc.'s concern in Defendant's use of **PVS Express**, the acts complained of herein demonstrate Defendant's actions have been committed with knowledge and are intended to cause confusion, or to cause mistake, or to deceive.

45. Given Defendant's conduct is willful, intentional, and knowing, this constitutes an exceptional case under 15 U.S.C. §§ 1117(a) and 1125(a).

46. Given Defendant's mark is <u>identical with or</u> substantially indistinguishable from PVS, Inc.'s registered mark **PVS**, PVS, Inc. is entitled to treble damages, prejudgment interest, and/or statutory damages, pursuant to 15 U.S.C. §§1117(b) and (c).

18127\444392\271409397

## COUNT III – MICHIGAN TRADEMARK ACT AND COMMON LAW
### (MICH. COMP. STAT. § 429.31 *et seq.*)

47.  PVS, Inc. realleges the foregoing paragraphs as if fully set forth herein.

48.  PVS, Inc. owns valid and enforceable rights in the PVS, Inc. Marks, including in Michigan Trademark Registration no. MI 801935720.

49.  Defendant has, without consent of PVS, Inc., used and is using the PVS, Inc. Marks and other words, terms, names, symbols, and devices, false designation of origin, false or misleading descriptions of fact, and false or misleading representations of fact, in conjunction with the sale, offering for sale, distribution or advertising of goods and services, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with PVS, Inc., or as to the origin, sponsorship, or approval of Defendant's services, or commercial activities by PVS, Inc., violating Mich. Comp. Stat. § 429.31 *et seq.* and Michigan common law.

50.  Given the ongoing and improper use by Defendant, and Defendant's knowledge, of PVS, Inc.'s rights in the Marks, Defendant's unlawful conduct is and has been willful.

51.  As a direct and proximate result of Defendant's conduct, PVS, Inc. has suffered significant economic harm in the form of harm to the value and goodwill

18127\444392\271409397

associated with the PVS, Inc. Marks, further harming PVS, Inc.'s goodwill and reputation in its industry.

### COUNT IV – MICHIGAN DECEPTIVE TRADE PRACTICES
### (MICH. COMP. STAT. § 445.901 *et seq.*)

52. PVS, Inc. realleges the foregoing paragraphs as if fully set forth herein.

53. Defendant has, without consent of PVS, Inc., used identical or confusingly similar tradenames and marks to indicate or identify similar services rendered by Defendant in competition with PVS, Inc. in the same trade area in which PVS, Inc. established its tradename and PVS, Inc. Marks.

54. Resulting from Defendant's actions, and threatened actions, as alleged herein, public and customer confusion of source or as to the source, sponsorship, approval or certification of the services offered, or to be offered, by Defendant with those services sourced, sponsored, approved, certified or offered by PVS, Inc. is probable, or inevitable.

55. Defendant's improper and unauthorized use of the PVS, Inc. Marks, as alleged above and herein, constitutes unfair and deceptive trade practices violating Mich. Comp. Stat. § 445.901 *et seq.*

56. PVS, Inc. has been, and is likely to continue to be, damaged by Defendant's improper and unauthorized use of the PVS, Inc. Marks, including sustaining damage to its goodwill, loss of customers and opportunities, diminution of value in the PVS, Inc. Marks, and damage to its overall reputation.

18127\444392\271409397

57. Defendant's violations and wrongful acts will also continue to injure PVS, Inc. and the public until Defendant's use of **PVS Express** is enjoined.

58. On information and belief, Defendant's violation of Mich. Comp. Stat. § 445.901 *et seq* is also intentional and willful as Defendant knew, or should have known, that its conduct is and was unfair and deceptive.

59. Resulting from Defendant's actions, PVS, Inc. has suffered, and will continue to suffer, non-monetary damages, and monetary damages in an amount to be determined and is entitled to damages and injunctive relief upon terms the Court deems reasonable under Mich. Comp. Stat. § 445.901 *et seq*.

## COUNT V – UNFAIR COMPETITION
## (MICHIGAN COMMON LAW)

60. PVS, Inc. realleges the foregoing paragraphs as if fully set forth herein.

61. Defendant has, without consent of PVS, Inc., used the PVS, Inc. Marks and other names, symbols, and devices, in connection with chemical transportation services in a manner which is calculated to deceive and cause consumers and the public to trade with Defendant when they intended to and would otherwise have traded with PVS, Inc., or refused to engage in commerce, including related to such transportation services, with PVS, Inc. when they otherwise would have been willing to do so.

62. The Defendant's described acts constitute palming off, misappropriation, and/or unfair competition under Michigan common law against

PVS, Inc., and PVS, Inc. has suffered economic and non-economic injury because of Defendant's palming off, unfair competition and misappropriation of the PVS, Inc. Marks.

63. On information and belief, Defendant's conduct was intentional, malicious and willful.

64. Accordingly, PVS, Inc. is entitled to injunctive relief and to recover damages for any loss or injury sustained because of Defendant's violations.

## COUNT VI – UNJUST ENRICHMENT
## (MICHIGAN COMMON LAW)

65. PVS, Inc. realleges the foregoing paragraphs as if fully set forth herein.

66. As a result of Defendant's misrepresentations and other deceptive and unlawful acts and/or practices as described herein, Defendant has been unjustly enriched and unlawfully received and retained benefits related to transportation and chemical distribution services via its improper utilization of the PVS, Inc. Marks, causing PVS, Inc. to lose public goodwill and reputation, to the detriment of PVS, Inc. and the public.

## PRAYER FOR RELIEF

WHEREFORE, PVS, Inc. respectfully requests this Court enter a judgment in its favor and against Defendant, and award PVS, Inc. relief as follows:

A. Judgment in PVS, Inc.'s favor and against Defendant, finding Defendant in violation of all counts of the Complaint, specifically, in violation of

15 U.S.C. §§ 1114 and 1125, and Mich. Comp. Stat. §§ 429.31 and 445.901 *et seq*. and Michigan common law;

  B. Judgment that Defendant acted willfully, maliciously, and fraudulently, in violation of all counts of the Complaint, and has been unjustly enriched;

  C. Judgment rendering all compensation and relief to which PVS, Inc. is entitled under 15 U.S.C. §§ 1114, 1117, and 1125; Mich. Comp. Stat. §§ 429.31 and 445.901 *et seq*.; and Michigan common law, including actual damages, attorney fees, costs, expenses, and exemplary and/or treble damages;

  D. Permanently enjoining Defendant, and all Defendant's affiliates, subsidiaries, parents, respective officers, agents, servants, attorneys, employees, and persons in active concert or participation with Defendant, mandating they forever cease, desist, and refrain from, anywhere in the world:

    i. Directly or indirectly using the PVS, Inc. Marks in commerce for transportation or distribution of chemicals;

    ii. Damaging, diluting or using the PVS, Inc. Marks;

    iii. Unfairly competing with PVS, Inc. in any manner; and

    iv. Awarding such other and further relief as this Court deems just and proper.

18127\444392\271409397

                                        Respectfully Submitted,

Date: April 25, 2023                */s/ Jeffrey T. Hewlett*
                                        Jeffrey T. Hewlett (P84861)
                                        CLARK HILL PLC
                                        500 Woodward Avenue, Suite 3500
                                        Detroit, MI 48226
                                        (313) 309-9498
                                        jhewlett@clarkhill.com

                                        Adam J. Fromm (IL ARDC # 6229256)
                                        James P. Murphy (IL ARDC # 6209576)
                                        (*pro hac vice forthcoming*)
                                        IL ARDC # 6209576
                                        CLARK HILL PLC
                                        130 E. Randolph Drive, Suite 3900
                                        Chicago, IL 60601
                                        (312) 985-5921
                                        jmurphy@clarkhill.com

                                        *Attorneys for Plaintiff PVS, Inc.*